IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **JOHN OSCAR DUNN, II,** | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:25-mc-1-CDL-AGH |
| **UNKNOWN,** | : | |
| Respondent. | : | |

## ORDER

*Pro se* Petitioner John Oscar Dunn, II, a prisoner who is currently incarcerated in the Coffee Correctional Facility in Nicholls, Georgia, has filed a document that was construed as a petition for declaratory judgment pursuant to 28 U.S.C. § 2201 (ECF No. 1). For the following reasons, this action is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A.

## PRELIMINARY SCREENING

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

II.     Factual Allegations and Petitioner's Claims

In his Petition, Petitioner asserts he is "an American Indian and Benjamin Franklin is [his] forefather." ECF No. 1 at 1. As "living heir to Benjamin Franklin born in 1706,"

Petitioner seeks to claim Mr. Franklin's "$1,713,502,539,800 Estate" and requests access to this estate, "rights access to the United States Treasury," and access to "the Federal Reserve and everything connected to the name of [Petitioner's] forefather, since his death in 1790." *Id.*

As noted above, federal law requires the Court to dismiss a claim filed by a prisoner if the claim is frivolous or malicious. 28 U.S.C. § 1915A(b)(1). A claim is considered "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Petitioner's allegations that he is somehow related to Benjamin Franklin and therefore entitled to an estate worth nearly two trillion dollars are precisely the type of "irrational and wholly incredible" allegations that render a claim frivolous. This action is thus **DISMISSED without prejudice** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 8th day of May, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA